GEORGE NURSE, APPELLANT, v. WILLIAM JUSTUS, RESPONDENT.

COSTS AND DISBURSEMENTS—STATUTES CONSTRUED.—Section 539 of the code, relating to costs and disbursements, applies to cases originally commenced in the circuit courts. Section 542 governs in cases brought to these courts by appeal.

APPEAL from Jackson County.

This action was originally tried and determined in the justice's court for Jacksonville Precinct, Jackson county, Oregon. Nurse recovered a judgment against Justus for twenty-one dollars, together with his disbursements, taxed at twenty-one dollars and thirty-five cents. Justus appealed to the circuit court. The cause was tried therein by a jury, and Nurse had a verdict for twenty-one dollars. Thereafter, on said verdict, the court rendered judgment in favor of Nurse for twenty-one dollars and the disbursements in the justice's court, taxed at twenty-one dollars and thirty-five cents, and at the same time rendered judgment in favor of Justus for his costs and disbursements sustained in the circuit court, and taxed at seventy-three dollars and eighty-six cents. From this judgment in favor of Justus, this appeal is taken.

*Thayer & Williams*, for appellant.

There was no appearance for respondent.

By the Court, McARTHUR, J.:

The record presents but one question. When an appeal is taken to the circuit court from the justice's court, must the judgment recovered in the circuit court be in excess of fifty dollars before the appellate court can adjudge the recovery of costs and disbursements to the prevailing party? The question is one which must be decided by construing and applying certain provisions of the code, about to be referred to. We are of opinion that section 539 does not apply to cases appealed from the justice's courts; but that such cases fall within and are governed by the provisions of section 542. After an appeal from the justices' court is perfected the action must be tried anew upon substantially

the same issues tried in the court below (sec. 533), and the manner of proceeding is the same as if the action had been commenced in the circuit court. (Sec. 536, subd. 3.) These provisions refer to the formal and methodical disposal of the action as such, and cannot be held to control or apply to the incidents of the judgment, as costs, disbursements, etc. An appeal, though tried anew, cannot be regarded as a matter so entirely independent of the original action as to permit of the application of every provision of the code that might be invoked in an action originally begun in the circuit court. It is not a new action, but simply a retrial of an action in an appellate tribunal for the purpose, theoretically, of correcting errors of the inferior court. It is only in cases originally begun in the circuit court that the provisions of section 539, as to costs and disbursements, can be fairly held to apply. In appeals the provisions of section 542 must govern. Under this latter section costs, when allowed to either party on appeal, must be allowed to the prevailing party. Nurse was the prevailing party upon the appeal, and was therefore entitled to recover his costs in the appellate tribunal. And in this, as in other cases, the right to recover disbursements is incident to the recovery of costs. Had the judgment been modified, the allowance of costs would have been matter of discretion, but as the case stands we think the judgment in favor of Justus for costs and disbursements was error.

Judgment reversed.