# BURT *v.* AMBROSE.

COSTS AND DISBURSEMENTS.—A judgment awarding a plaintiff full costs and disbursements where he is only entitled to a limited amount, is erroneous, and will be modified on appeal, where it appears from the record that the amount taxed in his favor, in pursuance of the terms of such judgment, is in excess of the amount legally allowable. The appeal in such a case is properly taken from the judgment of the lower court in the action, and not from its determination in the statutory proceeding for taxing costs.

IDEM—ACTION TO RECOVER PERSONAL PROPERTY AND DAMAGES.—A plaintiff, in an action begun in the county court, for the recovery of personal property, with damages for its detention, who fails to establish on the trial on appeal in the circuit court a value for the property which, together with the damages for its detention, equal to the sum of fifty dollars, is only entitled to recover as costs and disbursements on such appeal, an amount equal the sum of such value and damages, and a like amount for costs and disbursements on account of the proceeding in the county court before appeal.

APPEAL from Douglas County. The facts are stated in the opinion.

*Willis & Jones*, for appellant.

It is an elementary principle, and so held by our courts, that costs and disbursements, in every case, are awarded by

provision of statute. At common law, they were not allowed. (*McDonald* v. *Evans*, 3 Ogn., 474; *Wood* v. *Fitzgerald*, 3 Ogn., 568, 583.) Costs are defined as certain sums allowed to the prevailing party by way of indemnity for his attorney fees. (Code, p. 222, sec. 538.)

Subdivision 5 of sec. 39, Civ. Code, defines the cases in which, if the plaintiff recovers less than $50 damages. he shall recover no more costs and disbursements than damages, and also definitely provides that "in an action to recover possession of personal property, if the plaintiff recover property or the value thereof, as established on the trial, and damages for the detention of the same, in all *less* than *fifty dollars*, he shall recover *no more* costs and disbursements than the sum of such value and damages."

And we take the position that in such a case as this, subdivision 3 of section 542 does not govern, and that section 539 does. And it matters not which party takes the appeal. (*Geer* v. *Sweet*, 2 Neb., 76; *Ray* v. *Mason*, 6 Neb., 101; *Moore* v. *Darrow*, 11 Neb., 462; *Hartwell* v. *Harris*, 36 N. H., 430; *Davis* v. *Clark*, 39 N. H., 62; *Moore* v. *Thompson*, 34 Me., 207; *Forbes* v. *Bethel*, 28 Me., 204.)

*Herman & Ball*, for respondent.

This proceeding is virtually an appeal from an allowance of costs and disbursements, and being such must be governed by the law providing how such objections in the first instance shall be made. To raise the question in this court, an appeal should originally have been made from the clerk's allowance of the bill of costs and disbursements to the circuit court. (Sec. 547, Civil Code, p. 225.) When on appeal to the circuit court, as in this case, the judgment of the county court is modified, the allowance of costs on appeal by the appellate court is final. (Sec. 542, Civil Code, p. 224.) The provision in sec. 539, code, p. 222, limiting

costs and disbursements, when value of property and damage recovered, or either, shall not exceed $50, refers to costs and disbursements in actions where originally commenced and tried. It does not apply to costs and disbursements on appeals. (Sec. 42, Civil Code, p. 223; *Nurse* v. *Justus*, 6 Or., 76; Sec. 543, Civil Code, p. 224.)

By the Court, WATSON, C. J.:

Respondent begun this action in the county court of Douglas county to recover possession of certain personal property of the alleged value of twenty-five dollars, and for twenty-five dollars damages for its detention. He obtained judgment for the property, which the jury found to be of the value of fifteen dollars, but no damages. The appellant carried the case into the circuit court by appeal, where another trial was had with the same result, except that the value of the property was found to be twenty dollars. Judgment was thereupon rendered for the respondent for the possession of the property, and in the alternative for twenty dollars, its value as found by the jury, and for his costs and disbursements in both courts taxed at $228 65. The appeal is from this judgment.

It is claimed, on behalf of the appellant here, that it was error in the circuit court to award to the respondent all the costs and disbursements incurred by him in the action, as it did by its judgment, from which the appeal has been taken. Respondent's counsel insist that this question does not properly arise upon the record of the case now before this court; and that such a question could be brought here only by appeal from the determination of the circuit court settling the amount of costs and disbursements allowable, in the action in the statutory proceeding to tax the same. But this is evidently a misapprehension as to the nature of the question involved here, and of the character of the proceeding to tax

costs and disbursements. The appellant does not complain that the taxation of costs and disbursements was excessive or erroneous in any respect. On the contrary, his position before this court implies the entire accuracy and correctness of every step in that proceeding. His objection is to the terms of the judgment itself, by which all taxable costs and disbursements are awarded to the respondent, and their taxation in favor of the latter warranted and required. The taxing officer has only followed the terms of the judgment, as it was his duty to do, and the error complained of, if any exists, is in the judgment itself, and not in the taxation of the costs and disbursements. The only purpose the taxation can subserve in this case, if there is error in the judgment, as claimed by the appellant, will be to show its injurious character. Upon the abstract question as to whether such error does exist, it can have no bearing whatever. The real and only material question is whether or not the circuit court erred in determining by its judgment that the respondent was entitled to recover "all his costs and disbursements from the appellant, in addition to the property which he was found entitled to by the verdict of the jury."

Our statute does not expressly declare what the measure of costs and disbursements on appeal to the circuit court shall be, while it does recognize, rather than enact directly, that costs and disbursements are recoverable on such appeal. (Civil Code, subds. 2 and 3, sec. 542 and 543.) A reference to the various provisions upon the subject of costs and disbursements in civil actions begun in the several courts of the state, clearly reveals a policy on the part of the law-making power, to discourage the bringing of actions belonging to certain classes, generally involving small amounts of money, or personal property of little value, in the circuit or county courts, by denying, in some cases, the plaintiff's

right to recover costs and disburseme:\ts altogether—although the prevailing party—and even allowing them to the defendant; and, in others, by limiting the amount to be allowed the plaintiff to the amount of judgment recovered by him, or value of property involved, together with the damages for its detention as established on the trial; while conferring the most ample jurisdiction over such cases upon the justices courts, and providing for the allowance of disbursements to the prevailing party in actions commenced therein, "in all cases." (Sec. 539, Code of Civ. Procedure, Sess. Laws, 1874, p. 63.) The inducements to the adoption of such a policy are quite evident. Public advantage as well as private convenience required it; and it is the duty of the courts to so construe the various provisions of the statutes on the subject, as to give effect to the legislative intent, rather than to defeat it, where the language will permit, without violating any of the established maxims of statutory construction.

As we have pointed out, "costs," on appeal to the circuit court, are recognized by the statute. (Sec. 542, subs. 2 and 3, *supra*.) This is equivalent to an express enactment for their allowance. The provisions of sec. 539 have always been understood and construed to apply to the allowance of costs and disbursements in the circuit and county courts only. The question here is whether such provisions also furnish the rule of allowance in the circuit court, on appeal from the county court. That they do not on appeals from the justices court has already been decided. (*Nurse* v. *Justus*, 6 Or., 75.) This last decision is clearly consistent with the legislative policy before mentioned. The action involving less than fifty dollars was begun in the justice's court, where the law designed it should be brought. Nurse recovered judgment for twenty-one dollars, and Justus ap-

pealed to the circuit court, where the same judgment was rendered in Nurse's favor. The statute gave the right of appeal, and a new trial in the circuit court. Even if Nurse had taken the appeal, it would not have been inconsistent, in any degree, with the legislative policy on the subject of litigation in that court. That policy only aims to prevent such litigation in the circuit and county courts, by discouraging its commencement there. But the necessity for a right of appeal in such cases from the justice's court to the circuit court is fully recognized and preserved by positive enactment. And the only restriction on the privilege of appealing is to be found in the last clause of sub. 3 of sec. 542, which makes the allowance of costs and disbursements discretionary with the circuit court, when a new trial is ordered, or the judgment appealed from modified. That this discretionary power was given the circuit courts in such cases, to discourage and prevent the taking of unnecessary or frivolous appeals, can not be doubted; while the wisdom and justice of such a provision must be apparent to everybody. It is not every case where a new trial is ordered, or the judgment or decision appealed from modified in some slight or unsubstantial particular, that the party obtaining such new trial or modification on the appeal, is to be allowed his costs and disbursements; but ample power to make such disposition of the same as substantial justice between the parties may require, in the particular case, is conferred upon the circuit court, to be exercised according to its sound discretion. And the same rule applies, in similar cases appealed from the county court—the provisions in the clause under examination plainly applying to all appeals to the circuit court. But if the legislative policy before noticed is to govern in construing the provisions of the statute relating to the allowance of costs and disbursements on ap-

peal from the county court, obviously the measure of allowance on the appeal in the circuit court should be held to be the same as it would have been upon a final settlement and determination of the litigation in the county court. In other words, the plaintiff in such a case as the one now before the court, in electing to pursue the limited remedy which the law offered him in the county court in the first instance, took it subject to all the conditions and limitations as to costs and disbursements which the law imposed, on account of the commencement of the action in that court. Those conditions and limitations affected his remedy as a consequence of having begun his action in the county court, and in conformity with the policy of the law which imposed them to prevent such action from being brought in that court, must be held to have continued to mark and modify the remedy on appeal to the circuit court. A different construction would tend to defeat rather than to uphold such a policy. To hold that the plaintiff, in this class of cases, when successful on appeal from the county to the circuit court, is entitled to full costs and disbursements, would not only encourage the commencement of such actions as the present in the county court, but also stimulate the taking of appeals from the determinations there to the circuit court, in direct conflict with the policy and spirit of the law. And if there were no such policy as we have supposed to exist, it would still appear as a most strange inconsistency in legislation, to provide the plaintiff only a partial remedy in the court of first instance, but a full remedy on appeal, where the proceeding in the appellate court is simply a trial de novo. (*Forbes* v. *Bethel*, 28 Me., 204; *Geere* v. *Sweet*, 2 Neb., 76; *Ray* v. *Mason*, 6 *id.*, 101.)

Even if this case came under sub. 3 of sec. 542, so as to make the allowance of costs and disbursements discretionary

with the circuit court, as claimed by counsel for respondent, the statutory limitation as to amount must govern. The court could only determine to which party costs and disbursements should be allowed—the measure of such allowance being fixed by law. (*Jackman's Will, second appeal,* 23 Wis., 143.) But the prevailing party, on the appeal, where he is entitled to any costs and disbursements at all, is also entitled to recover his costs and disbursements in the lower court, according to the measure provided by law. (*Hartwell* v. *Harris,* 36 N. H., 430; *Davis* v. *Clark,* 39 *id.,* 62; *Moore* v. *Thompson,* 34 Me., 207.)

The nature of his judgment, in the appellate court, furnishes the rule as to the amount of costs and disbursements to be allowed on account of the proceeding in the lower court. If it is such a judgment as would, had it been recovered in the court below, have entitled the prevailing party to costs and disbursements there, its recovery in the circuit court on appeal has the same effect. (See cases last cited.) It follows that the respondent was only entitled to an allowance of twenty dollars in the county, and a like sum in the circuit court as costs and disbursements, and that the judgment of the latter court must be modified accordingly, with costs on appeal to appellant.