(June 7, 1901.)

## RICHARDS v. SCOTT.

### [65 Pac. 433.]

FILING OF OBJECTION TO RECORD.—Under provisions of rule 17 of this court, objections to the record must be noted in writing and filed one day before the argument of the case, and unless so filed must be disregarded.

SEVERAL VERDICTS—JOINT JUDGMENT.—In a joint action against numerous defendants, where a several verdict is found, it is error to enter a joint and several judgment.

COSTS.—Under the provisions of sections 4901 and 4904 of the Revised Statutes, where the plaintiff sues for damages and recovers less than $100 he cannot recover his costs.

(Syllabus by the court.)

APPEAL from District Court, Fremont County.

P. Averitt and Hawley & Puckett, for Appellants.

An action may be maintained wherever a plaintiff is damaged by unlawful acts of defendants in pursuance of a combination and conspiracy for such purpose. While it may be urged that the combination or conspiracy is not the gist of the action, and that it need not be alleged although capable of proof and a proper matter to prove; and that even if it is alleged, that if the proof shows only one, and not all, of the defendants were concerned that a recovery may be had against that one concerned as if he had been sued alone; still, if the wrong becomes actionable only because of the lawful combination, then the conspiracy must be proved as a material matter. (*Severinghaus v. Beckman,* 9 Ind. App. 388, 36 N. E. 930; *Jenner v. Garson,* 111 Ind. 522, 13 N. E. 44; *Rundell v. Kalbfus,* 125 Pa. St. 123, 17 Atl. 238; *Collins v. Cronin,* 117 Pa. St. 35, 11 Atl. 869.) No valid judgment could be entered against the defendants, or either or any of them, under the verdict, by reason of the verdict finding against each of them in different amounts. (Black on Judgments, 207.) Our statute, however, changes the common-law rule. (Rev. Stats., sec. 4351.) Section 4552 prescribes: "In an action against several defendants, the court may in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment is proper." (*Gaffney v. Hoyt,* 2 Idaho, 199, 10 Pac. 34; *People etc. v. Frisbie,* 18 Cal. 402.) It is a universal rule that in suit against joint trespassers the damages must be assessed jointly against all who are found guilty; they cannot be severally assessed, as a satisfaction to one is a satisfaction to all. (*Thompson v. Albright* (Tex. App.), 14 S. W. 1020; *Fields v. Williams,* 91 Ala. 502, 8 South. 808; *Perine v. Deans,* Tappan (Ohio), 236; *McGehn v. Shafer,* 15 Tex. 198; *Markham v. Nav. Co.,* 73 Tex. 247, 11 S. W. 131; 1 Sutherland on Damages, 211; Freeman on Judgments, 3d ed., 236.) The judgment for costs cannot be sustained. The judgment herein assesses the costs at $455.10, and adjudges such costs shall be equally apportioned between the several defendants. The costs, as shown by the memoran-

dum of costs and disbursements are for expenditures made in the suit generally and not as against any particular defendant. We contend, the judgment herein is, in reality, six several judgments, against six defendants severally, the amount of each of these judgments is less than $100. In either view of the matter costs could not be imposed upon the defendants, or either or any of them, as section 4900 and 4904 of the Revised Statutes prohibits this.

N. H. Clark, for Respondent.

The supreme court of Colorado in *Saint v. Guerrerio,* 17 Colo. 448, 30 Pac. 335, 31 Am. St. Rep. 320, says: "To prevent a failure of justice in cases of this kind the prior appropriator cannot properly be required to assume any such risk or burdens; but he may bring and maintain an action jointly against all parties junior in right to himself, whenever the result of their acts either joint or several, deprive him of his better right to the use of the water." (*Hillman v. Newington,* 57 Cal. 56.) The contention that the verdict and judgment could not be against defendants in different amounts, is not, we contend, well taken. We claim the verdict finds against each, and assesses the damage to each according as his acts caused the damage; in all $300. We contend under our practice that the plaintiff may recover separate amounts against defendants joined in one action. (*Aulbach v. Dahler,* 4 Idaho, 522, 43 Pac. 192.) There is no difference under our code as to actions *ex delicto* and *ex contractu.* (*Hewett v. Maize,* 5 Idaho, 633, 51 Pac. 609.) We contend that the question that plaintiff is entitled to costs cannot be questioned on this appeal. (*Emery v. Langley,* 1 Idaho, 695.)

SULLIVAN, J.—This is an action to recover damages for alleged wrongful acts of defendants in diverting certain water to their own use which belonged to the plaintiff. The complaint states two causes of action. Under the first it is alleged that the damage sustained by the plaintiff amounted to $1,038.50, and under the second the damage is placed at $1,089. It is alleged that the defendants (who are appellants) acted jointly in the wrongful diversion of said water. The appel-

lants answered jointly, and put in issue all of the allegations
of the complaint, and denied that they acted jointly or other-
wise. The cause was tried by the court with a jury. The
jury returned the following verdict: "We, the jury in the
above-entitled action, find for plaintiff, and assess his damages
as follows: Against W. A. Scott, $25; against George Ballard,
$25; against M. Kaufman, $80; against Henry Kaufman, $80;
against Edward Kaufman, $80; against Samuel Goddard, $10.
Good Rasmussen. S. C. Drollinger. Jesse Clark. Richard
Later. George Webster. Floyd G. Longley. William Hill.
J. E. Galbraith. S. G. Chandler. S. W. Orme. S. R. McBee.
M. M. Hammond. Filed March 8th, 1900." Thereupon re-
spondent filed his cost bill, claiming the sum of $455.10, and
the court rendered judgment on said verdict as follows:
"Wherefore, by virtue of the law and by reason of the premises
aforesaid, it is ordered, adjudged, and decreed that said John
R. Richards have and recover from said defendants and each
of them the amounts as set forth in the verdict to each, in all
$300, with interest thereon at the rate of seven per cent per
annum from the date thereof until paid, together with said
plaintiff's costs and disbursements incurred in this action,
amounting to the sum of $455.10 said cost to be equally ap-
portioned between the several defendants hereto." This ap-
peal is from the judgment.

Respondent moves this court for an order dismissing said
appeal on four grounds, to wit: 1. That no undertaking in due
form of law was filed within five days after the service of the
notice of appeal, and that the sureties did not sign the under-
taking; 2. The record nowhere shows the date of filing said
undertaking; 3. That the transcript does not contain all of the
papers constituting the judgment-roll; 4. The record fails to
show that this court has jurisdiction.

On an inspection of the court calendar it is made to appear
that on the sixteenth day of May, 1901, the court set this case
for argument on the twenty-fourth day of that month, and that
said case was argued on that day. Under rule 17 of the rules
of this court (32 Pac. ix), objections to the transcript must be
noted in writing and filed at least one day before argument or

they will not be regarded. Said motion, having been filed on the day said case was argued, was not filed, and under said rule it must be disregarded.

Appellants contend that the complaint does not state a cause of action. We think it does. The complaint is based on the theory of a combination of the defendants to commit an unlawful act.

The jury by their verdict found for the plaintiff on that issue, and rendered a several verdict against each of the defendants. The judgment entered is joint and several, and is founded on a several verdict, and for that reason is erroneous, as under the verdict a several judgment only could be entered.

As the verdict against each of the defendants was for less than $100, it was error for the court to allow costs to the plaintiff. The provisions of subdivision 3, section 4901, and of section 4904 of the Revised Statutes, prohibit the allowance of costs in cases where the plaintiff fails to recover $100. This was not an action in which defendants could properly be joined. Hence the several judgments against each cannot be aggregated for the purpose of obtaining costs.

The cause is remanded, with instructions to the trial court to modify the judgment as follows: To enter a several judgment against each of the defendants for the sum found against him by the verdict, without awarding costs to plaintiff. Costs of this appeal are awarded to the appellants.

Quarles, C. J., and Stockslager, J., concur.

### ON REHEARING.

(June, 26, 1901.)

Per CURIAM.—In a petition for rehearing the respondent insists that the decision herein should be modified as against the three Kaufmans, so as to allow to the respondent costs against said three defendants below in the lower court; but, inasmuch as the jury found each of said defendants to be a several trespasser, and found a separate amount in damages against each of them, we do not feel authorized to hold that the three defendants named are joint trespassers, because of

the fact, if it be such, that they held a joint water right. The modification asked is therefore denied.