(December 15, 1902.)

## SWINEHART v. POCATELLO MEAT AND PRODUCE CO.
[70 Pac. 1054.]

JUDGMENT ON THE PLEADINGS—ISSUE RAISED BY ANSWER.—Where a material issue of fact is made by the pleadings, judgment on the pleadings constitutes reversible error.

JUSTICE'S COURT—APPEAL TO DISTRICT COURT—PROCEEDINGS.—Upon an appeal from the judgment of a justice of the peace to the district court upon questions of both law and fact, the cause is to be tried *de novo* and a judgment made upon motion affirming the judgment of the justices' court is error, as the cause stands for trial *de novo* in the district court.

(Syllabus by the court.)

Appeal from District Court, Bannock County.

Winters & Sneed, for Appellant.

The motion of defendant for affirmance of the judgment of the justice court should have been denied. It was made upon the ground that the appeal was taken upon both law and fact, which was a proper appeal. The case was decided upon facts raised by the pleadings, alleged in the complaint and admitted in the answer, and the appeal was properly taken upon both law and fact. (*Curtis v. Superior Court,* 63 Cal. 435; *Myrick v. Superior Court,* 68 Cal. 98, 8 Pac. 648.) Even if there was no issue of fact joined, the district court should have heard the case upon questions of law. (*Fabretti v. Superior Court,* 77 Cal. 305, 19 Pac. 481.)

W. T. Reeves, for Respondent.

A motion for a judgment on the pleadings is equivalent to a general demurrer to the answer, and if either of the answers on file herein sets up any matter which would be a defense, or put the plaintiff upon proof, a judgment upon the pleadings would be improper. (*Alspaugh v. Reid,* 6 Idaho, 223, 55 Pac. 300; *Frost v. Moore,* 40 Cal. 347.)

QUARLES, C. J.—This action was originally commenced in the justice's court of Pocatello precinct, Bannock county, to recover upon a note executed by the Pocatello Meat Company, by George W. Smith, against the respondent, a corporation. The respondent answered, denying the authority of said G. W. Smith to execute said note for and on behalf of said respondent corporation. Said answer, by way of cross-action against the plaintiff, cross-complained and alleged that said note was executed in part payment of nine hundred tons of ice purchased by it from the appellant, and alleged fraudulent misrepresentations concerning the quantity of ice, the manner in which the same was packed in the icehouse, etc., and claimed to have received only three hundred and fifty tons, instead of nine hundred tons of ice, and demanded judgment over and against the appellant for the sum of $600 damages. This answer and cross-complaint was not verified, and the appellant answered the cross-complaint, and denied each and every allegation thereof. In the justice's court judgment was rendered dismissing the action, and the defendant recovered his costs therein, taxed at six dollars and fifteen cents. From this judgment the appellant appealed to the district court. The respondent entered the following motion: "Comes now the defendant, and moves the court for judgment of affirmance of the judgment of the trial court for the reason that the above-entitled cause was tried in said court upon questions of law alone, and there are no errors of law committed in said justice's court in passing upon said cause." This motion was taken under advisement by the district court, and the following order was entered in the minute book in said court, to wit: "Comes now the court, and announces its decision herein, and orders that the judgment of the lower court be, and the same is hereby, affirmed." In pursuance of said order, judgment was entered in said cause as follows, to wit: "It is hereby ordered and adjudged that the judgment of the justice's court in said action be, and the same is hereby, affirmed. Defendant to recover his costs, taxed at ——— dollars." From this judgment this appeal is taken.

Material issues of fact were raised by said pleadings; hence judgment upon the pleadings was not authorized. The appeal being taken to the district court upon questions of both law and fact, the cause stood for trial in said district court de novo. The motion for affirmance of the justice's judgment was in legal effect a motion for judgment upon the pleadings, and, as before said, was unauthorized. The cause was not in the district court simply for the purpose of reviewing errors occurring in the lower court, and for this reason the judgment of the district court affirming the judgment of the justice of the peace was unauthorized, and constitutes reversible error. The plaintiff was entitled to a trial in the district court. This right was denied him.

For the foregoing reasons, the judgment is reversed, and the cause remanded to the district court for further proceedings consistent with the views herein expressed. Costs of appeal awarded to appellant.

Sullivan and Stockslager, JJ., concur.