(December 31, 1903.)

## LOVEL v. JOYCE.

### [74 Pac. 1073.]

COSTS ON APPEAL FROM PROBATE AND JUSTICE'S COURT.—Where an
action is commenced in probate or justice's court, judgment in
favor of plaintiff and defendant appeals to the district court, even
though the judgment of the lower court be reduced, it is suf-
ficient to carry costs against defendant.

(Syllabus by the court.)

.APPEAL from the District Court of Kootenai County.   Honorable Ralph T. Morgan, Judge.

Judgment for plaintiff, from which, and an order overruling a motion to retax costs, defendant appeals.   Judgment affirmed.

The facts are stated in the opinion.

Charles L. Hietman, for Appellant.   All the authorities cited by appellant are cited and discussed in the opinion.

Edwin McBee for Respondent, cites no authorities not found in the opinion.

STOCKSLAGER, J.—Respondent brought action against appellant in the court of a justice of the peace, Kootenai county, for the sum of $109.72, and for costs.   The case was tried on the third day of December, 1902, after appellant had filed his answer setting up a counterclaim against respondent to the amount of $161.23.   The justice of the peace on the same day rendered judgment in favor of respondent and against appellant for the sum of $105 judgment and costs in the sum of $27.80; appellant appealed to the district court and the cause was tried before the court and jury on the twentieth day of March, 1903, upon the same pleadings, upon which the cause was tried in the justice's court; in the district court the jury returned a verdict in favor of respondent and against appellant for the sum of $53; judgment for said sum was rendered and entered upon this verdict on the twenty-first day of March, 1903, and for the further sum of $78 costs and disbursements.   On the twenty-third day of March, 1903, the respondent filed and served a memorandum of casts and disbursements amounting to the sum of $78; on the twenty-eighth day of March, 1903, appellant caused to be filed his motion and notice of motion to strike from the files and to retax the costs set forth in respondent's memorandum of costs and disbursements; on the twenty-fifth day of March, 1903, the motion was heard and by the court denied.

The appeal is from the judgment and order overruling mo-

tion to retax the costs and to strike from the files respondent's memorandum of costs and disbursements.

The same question presented is, Did the lower court err in overruling appellant's motion to retax the costs and disbursements and in sustaining the judgment in favor of respondent for the costs incurred in the justice's court as well as in the district court? It is earnestly insisted by counsel for appellant that this was error, that under the provisions of sections 4901 and 4904 of our statutes respondent is not entitled to his costs on appeal when he obtained judgment for a less sum than $100.

Section 4901 follows: "Costs are allowed of course to the plaintiff upon a judgment in his favor in the following cases:

"Subsec. 3. In an action for the recovery of money or damages, when plaintiff recovers one hundred dollars or over."

Section 4904 says: "In other actions than those mentioned in section 4901, costs may be allowed or not, and, if allowed, may be apportioned between the parties, on the same or adverse sides, in the discretion of the court, but no costs can be allowed in an action for the recovery of money or damages, when the plaintiff recovers less than one hundred dollars."

It is said by counsel for appellant that "Although this case was originally brought before a justice of the peace, it was finally disposed of in the district court and was tried in said court *de novo.* The cause comes to the supreme court on appeal as an original case in the district court."

In support of this position he cites *Chase v. Hagood,* 3 Idaho, 682, 34 Pac. 811; also *Swinehart v. Pocatello M. & P. Co.,* 8 Idaho, 710, 70 Pac. 1054. Both of these cases hold that on appeal from the probate or justice's court to the district court the trial in the latter court is *de novo.*

This is unquestionably the rule in this state, but it does not necessarily follow that the same rule applies to costs incurred in the lower court as well as in the district court, or that they should follow the law governing costs in the district court; nor do we understand that these cases so hold.

*Richards v. Scott,* 7 Idaho, 726, 65 Pac. 433, is also cited by appellant. The third clause of the syllabus says: "Under the

provisions of sections 4901-4904, Revised Statutes, where the plaintiff sues for damages and recovers less than one hundred dollars, he cannot recover his costs." This was an original action in the district court and of course these sections govern.

Our statute provides for the payment of costs in probate and justice's courts and is without limit as to amount. Section 4776 is as follows: "The prevailing party in probate and justices' courts is entitled to costs of the action and also of any proceedings taken by him in aid of an execution, issued upon any judgment recovered therein." Then we have section 4842, which provides for appeal from probate and justices' courts and the undertaking that must be given. It says, among other things, that "An appeal from justice's or probate court is not effectual for any purpose unless an undertaking be filed with two or more sureties in the sum of one hundred dollars for the payment of the costs on the appeal, or, if a stay of proceedings be claimed, in a sum equal to twice the amount of the judgment, including costs when the judgment is for the payment of money."

Construing these two sections together, it is clear that the legislature intended to provide protection for parties who were forced into the courts of limited jurisdiction to secure their rights. It even follows them into the appellate courts with protection by requiring good and sufficient undertakings for the payment of costs on appeal, and if stay of proceedings be claimed, then the undertaking must be in a sum equal to twice the amount of the judgment, including costs.

We are not informed on what theory the defendant in justice's court appealed to the district court, excepting as it is shown by his answer. It is sufficient to say that he was dissatisfied with the judgment and hoped to better his condition in the district court; he succeeded in reducing the judgment from $105 to $53, and to that extent did better his condition, but can it be said that because he reduced the judgment almost one-half, that he is the prevailing party as contemplated by our statutes? Should the plaintiff pay any of the costs when he goes into the court that the statute provides for him and says if he prevails he shall have his costs?

It must be borne in mind that there was a dispute, as shown by the pleadings in this action, of about $270, plaintiff demanding judgment for $109 and defendant for $161. It was not the fault of the respondent that any costs were incurred in the district court; he was required to follow his case there by the appeal of the defendant, and as we construe the statute, so long as he succeeds in convincing a court or jury that the defendant is and was indebted to him at the time he commenced his action in justice's court, he is the prevailing party and entitled to all his costs. (*Burt v. Ambrose,* 11 Or. 26, 4 Pac. 465; *Moore v. Thompson,* 34 Me. 207; *Hartwell v. Harris,* 36 N. H. 430; *Davis v. Clark,* 39 N. H. 62.)

When the legislature provided that the prevailing party in justice's and probate courts, with limited jurisdiction in civil actions, should have their costs, and in district court, to entitle a recovery for costs, the judgment for plaintiff must be on $100 or more, it was evidently the intention to confine cases of the character of the one at bar to the lower courts and not to burden the district courts with this character of litigation. If a party sees fit to commence his action in the district court he may do so, but he must recover $100 or more or pay the costs. We think this a wise provision and can see nothing but beneficent results from it.

We find no error in the overruling of the motion for a new trial.

The judgment of the lower court is affirmed with costs to respondent.

Ailshie, J., concurs.

SULLIVAN, C. J., Dissenting.—I am unable to concur in the conclusion reached by my associates. Section 4776, Revised Statutes, provides that the prevailing party in probate and justice's courts is entitled to costs of the action, and applies only to trials in those courts, and does not control on an appeal from either of said courts to the district court. Title 14, chapter 6 of the Revised Statutes of 1887, is entitled "Of costs," and section 4906 of said chapter is as follows: "In the following cases the costs of appeal are in the discretion of the

court: 1. When a new trial is ordered; 2. When a judgment is modified. In all other cases the prevailing party shall recover costs, including his costs below when the appeal is to the district court."

The provisions of said section apply to all appeals from the probate and justice's courts. That being true in the case at bar, the judgment of the lower court was reduced or modified from $105 to $53; in that case the defendant prevailed in his appeal in part at least, by having the judgment reduced $52. Under the provisions of subdivision 2 of the last-quoted section, the judgment was modified and in such case the costs are in the discretion of the court. As I take it, the legislative intent was to leave the apportionment or taxation of costs to the appellate court in cases where the appellant succeeds in procuring a modification of the judgment of the court below.

The prevailing party was entitled to his costs in the lower court, and the taxation of costs on appeal is left to the legal discretion of the appellate court by the provisions of said section 4906.

The New Hampshire cases cited in the majority opinion are not in point, for the reason that the statutes under which they arise are not like our own. The same is true of *Burt v. Ambrose,* 11 Or. 26, 4 Pac. 465, in which the New Hampshire cases are cited with approval. In *Nurse v. Justus,* 6 Or. 75, which was an appeal from a justice's court and in which the plaintiff recovered identically the same judgment on appeal that he did in the lower court, the court said: "Had the judgment been modified, the allowance of costs would have been a matter of discretion, but as the case now stands, we think the judgment in favor of Justus for costs and disbursements was error."

The case of *Sugar Pine D. & L. Co. v. Garrett,* 28 Or. 168, 42 Pac. 129, was a case appealed from a judgment of a justice of the peace. The judgment was in favor of the plaintiff for $224.20, and defendant appealed to the circuit court, where judgment was rendered in favor of plaintiff for $179.90, from which defendant appealed to the supreme court. In that case the court allowed the plaintiff judgment for his costs on appeal to the circuit court and that was assigned as error. The supreme court in disposing of that question said: "Nor was there

any error in allowing plaintiff judgment for costs. . . . . When a judgment is modified on appeal to the circuit court, the question of costs is in the sound discretion of the court, and its discretion will only be disturbed here in case of the abuse of such discretion." The rule laid down there is the one I am contending for in the case at bar. The judgment in that case had been modified, but the court in its sound discretion held that the plaintiff was entitled to judgment for his costs on appeal to the circuit court. In the case at bar the judgment had been modified and under the provisions of subsection 2 of said section 4906 the allowance of costs was in the sound discretion of the court.

But the rule laid down by the majority of this court holds that the plaintiff was entitled to recover costs on appeal as a matter of right, although the judgment he recovered in the justice's court was reduced $52 by the district court.

It appears to me that said rule is most unjust; for example, if a plaintiff should appeal from a judgment in his own favor and only obtain a judgment in the district court for a small part of the judgment given him in the justice's court, the defendant must pay all costs of the appeal.

The reason for the statute and rule, leaving the question of costs to the sound discretion of the court when a judgment is modified, seems very clear to me.