## POLLARD v. BOOTH FISHERIES CO.

(First Division. Juneau. October 2, 1920.)

No. 1867–A.

Costs ⊚═228—Appeal from Justice Court.

On appeal by plaintiff from justice court, the plaintiff recovered judgment in the district court for less than $50. On objection to the allowance of costs in the district court because the judgment recovered was less than $50, *held*, the fifth clause of section 1342, Comp. Laws Alaska 1913, does not apply to cases tried de novo in the district court on appeal from justice court. but only to cases originally begun in the district court.

R. E. Robertson, of Juneau, for plaintiff.
John R. Winn, of Juneau, for defendant.

JENNINGS, District Judge. The above-entitled cause came before this court on an appeal from the judgment of the commissioner's court at Sitka. In the commissioner's court judgment went against the plaintiff and in favor of the defendant for its costs. Plaintiff appealed to this court, and the case was tried de novo. At the trial in this court plaintiff recovered a judgment for $15 and he presents for signature a form of judgment awarding him the sum of $15, "together with his costs herein incurred, to be taxed." The defendant appears and objects to the form of judgment in so far as it awards costs to the plaintiff, contending that under the statute no costs are to be allowed in a case in the district court where the amount of recovery is less than $50. As sustaining this contention the defendant relies upon that part of section 1342 of the Compiled Laws of Alaska of 1913, which provides that plaintiff shall also re. /er costs;

"Fifth. In an action not hereinbefore specified, for the recovery of money or damages, when the plaintiff shall recover fifty dollars or more."

The contention is that as this case comes to the district court on an appeal from the commissioner's court and is to be tried de novo here, the judgment to be rendered is the judgment of the district court, and that therefore the statute applies.

The point in question has been expressly passed upon by the Supreme Court in Oregon, from which state the statute was taken, in hæc verba. The case of Nurse. v. Justus, reported in 6 Or. 75, construes section 539 of the old Deady & Lane Code of Oregon, which said section is section 549 of Hill's Annotated Codes of Oregon, and is the said section 1341 of the Compiled Laws of Alaska. The court say:

"The record presents but one question. When an appeal is taken to the circuit court from the justice's court, must the judgment recovered in the circuit court be in excess of $50 before the appellate court can adjudge the recovery of costs and disbursements to the prevailing party? * * * After an appeal from the justice's court is perfected, the action must be tried anew upon substantially the same issues tried in the court below, * * * and the manner of proceeding is the same as if the action had been commenced in the circuit court. * * * These provisions refer to the formal and methodical disposal of the action as such, and cannot be held to control or apply to the incidents of the judgment, as costs. disbursements, etc. An appeal, though tried anew, cannot be regarded as a matter so entirely independent of the original action as to permit of the application of every provision of the Code that might be invoked in an action originally begun in the circuit court. It is not a new action, but simply a retrial of an action in an appellate tribunal for the purpose, theoretically, of correcting errors of the inferior court. It is only in cases originally begun in the circuit court that the provisions of section 539, as to costs and disbursements, can be fairly held to apply."

Such being the interpretation by the Oregon court of an Oregon statute prior to the adoption of said statute into the laws of Alaska, it follows that the prevailing party is entitled to costs, although the amount of his recovery is less than $50, provided the action was not originally commenced in the district court.

The form of judgment presented by the plaintiff in the case will be signed as presented.