Argued January 26; modified March 13, 1934

# HASBROOK *v.* LYNCH

(30 P. (2d) 358)

*W. L. Cooper,* of Portland, for appellant.
*Will H. Masters,* of Portland, for respondent.

ROSSMAN, J. The complaint avers the plaintiff's ownership of a parcel of real property therein described, consisting of a city lot and a dwelling house standing upon it, and that on February 6, 1932, the defendant wrongfully entered the house, removing from its basement a furnace of the value of $226.50. The answer denies all of the aforementioned allegations of the complaint.

■ The first assignment of error challenges an order of the circuit court which overruled the plaintiff's motion for a new trial, which was predicated upon the contention that the jury ignored the evidence showing the value of the furnace. Plaintiff directs attention to the following portions of the evidence. The plaintiff testified that the value of the furnace was "around between $175 and $200". One of his witnesses who was engaged in the furnace business, in response to a hypothetical question, expressed the opinion that this furnace "would be worth around $175 probably", but upon cross-examination answered that its retail market price when new, without connecting pipes and registers, was $75 or $80. The defendant testified that the market price of this furnace when new was $75, but that after a year's service "you couldn't get—$50 is the absolute top for it, for a furnace of that caliber". One of the defendant's witnesses expressed the opinion that a new furnace of this type was worth $75, but that after a year's use "it would not be worth more than two-thirds of its original

value". No other testimony was given in regard to value. Since the verdict awarded the plaintiff only $30 damages, the plaintiff argues that the jury disregarded the testimony disclosing value, and that, therefore, the court erred when it overruled his motion for a new trial. It will be observed that none of the witnesses testified to a precise sum, and that each witness's estimate tended to show that the others' estimates were mistaken. In the recent case of *Paine v. Meier & Frank Co.*, ante p. 40 (27 P. (2d) 315, 29 P. (2d) 531), this court declared:

"The jury was not bound to accept as conclusive the uncontradicted opinion of the witnesses on behalf of defendant that the reasonable value of the use and depreciation of the furniture was equal to 15 per cent per annum of the cost thereof. The probative weight to be accorded to the estimates of witnesses as to rental value and depreciation was a matter entirely for the jury. The jury should take into consideration the opinion of such witnesses together with all the other facts and circumstances of the case and accord to it such weight as sound judgment dictates. 22 C. J. 595; 11 R. C. L. 637. Opinion evidence is advisory but not conclusive. Littlepage v. Security Savings & Trust Co., 137 Or. 559 (3 P. (2d) 752), and authorities therein cited. Also see Officer v. Cummings, 127 Or. 320 (272 P. 273)."

The above suffices to dispose of this contention.

The plaintiff, in his next contention, argues that the circuit court erred when it awarded costs to the defendant. The complaint was originally filed in the district court of Multnomah county where the plaintiff recovered judgment for $176, together with costs, but upon appeal, as we have already seen, recovered judgment for only $30. The plaintiff, in insisting that the circuit court erred when it taxed costs in favor of the

defendant, directs attention to section 7-602, Oregon Code 1930, which provides:

"Costs are allowed, of course, to the plaintiff upon a judgment in his favor in the following cases: (1) In an action for the recovery of the possession of real property, or where a claim of title or interest in real property, or right to the possession thereof, arises upon the pleadings, or is certified by the court to have come in question upon the trial. * * *"

He also cites section 7-510, Oregon Code 1930, which provides that upon an appeal from a judgment of a justices' court the action shall be tried anew, and section 7-513 which directs that "upon an appeal to the circuit court, the manner of proceeding thereafter is the same as if the action or suit had been commenced in such court". The defendant, in arguing in behalf of the judgment of the circuit court which awarded costs to him, directs attention to section 7-605, Oregon Code 1930, which provides:

"Costs, when allowed to either party, are as follows * * * (2) In the circuit court, to the prevailing party when * * *"

and to section 7-604 which provides:

"Costs are allowed of course to the defendant in the actions mentioned in section 7-602, unless the plaintiff be entitled to costs. * * *"

and to section 7-602 which provides:

"Costs are allowed, of course, to the plaintiff upon a judgment in his favor in the following cases * * * (5) In an action not hereinbefore specified for the recovery of money or damages, when the plaintiff shall recover $50.00 or more."

The defendant also directs attention to our decisions in *Obermeier v. Mortgage Co., Holland-America,*

123 Or. 469 (259 P. 1064, 260 P. 1099, 262 P. 261);
*Parks v. Smith,* 95 Or. 300 (186 P. 552, 554), and
*Lemler v. Bord,* 80 Or. 224 (156 P. 427, 1034). In the
first of these three cases we held that a defendant who
succeeds upon appeal to this court in reducing the
judgment to a substantial extent is the prevailing
party and is, therefore, entitled to recover costs. In
so holding, we depended in part upon Art. VII, sec. 3c,
Oregon constitution.

The portions of section 7-602 (which, prior to
amendment, was section 539 of the Code of Civil Pro-
cedure of 1862) upon which the plaintiff and the de-
fendant rely are applicable only to actions instituted
in the circuit court and are, therefore, not applicable
to this action which was begun in the district court:
*Burt v. Ambrose,* 11 Or. 26 (4 P. 465), and *Nurse v. Jus-
tus,* 6 Or. 75. The rules governing the taxation of costs
and disbursements in the district court are the same as
those which control the justice court: Section 28-1129.
In *Nurse v. Justus,* supra, this court's decision
declared:

"In appeals the provisions of section 542 must
govern. Under this latter section costs, when allowed
to either party on appeal, must be allowed to the pre-
vailing party."

The same conception of the law was expressed in
*Burt v. Ambrose.* Section 542 of the Code of Civil
Procedure of 1862, as revised by the amendment of
1907 Session Laws, c. 181, is now section 7-605, Ore-
gon Code 1930. Prior to the 1907 amendment the afore-
mentioned act, in addition to its present enactments,
provided:

"But when on an appeal to the supreme or circuit
court a new trial is ordered, or a decision given modi-
fying the judgment appealed from, the costs on appeal

shall be allowed or not, in the discretion of the appellate court.''

The amendment also inserted after the words ''county court'', appearing in the third subdivision of the section, the words ''or justice court''. Further, since the announcement of the decisions in *Burt v. Ambrose,* supra, and *Nurse v. Justus,* supra, section 539 of the Code of 1862 (which, as we have seen, as amended, is section 7-602, Oregon Code 1930) was amended by 1909 Session Laws, c. 62, and 1907 Session Laws, c. 181, the change material to our present purposes being the addition of the following:

''In any action in the justice court. But in an action for assault, battery, false imprisonment, libel, slander, malicious prosecution, criminal conversation, seduction, or breach of promise of marriage, if the plaintiff recovers less than $50 damages, he shall recover no more costs and disbursements than damages; and in an action to recover the possession of personal property, if the plaintiff recover property or the value thereof, as established on the trial, and damages for the detention of the same, in all less than $50, he shall recover no more costs and disbursements than the sum of such value and damages; * * *''

Eighteen ninety-nine Session Laws, page 109, which is now section 16-301, Oregon Code 1930, added to our laws the following:

''Actions at law in justices' courts shall * * * provided, that all disbursements shall in all cases be allowed the prevailing party.''

Nineteen thirteen Session Laws, chapter 355, which created the district court, made provision in section 31 (now section 28-1129 Oregon Code 1930) as follows:

''Costs and disbursements shall be allowed the prevailing party in all actions and proceedings before

said district court, and shall be the same and taxed in the manner now provided by law, for the allowance and taxation or disbursements in justices' courts."

It will be observed from the foregoing that the first five subdivisions of section 7-602 have no application to this action. We pause to observe that this is not an action of trespass within the contemplation of subdivision one of the above section, as the plaintiff believes, because (a) the complaint was filed in the district court which has no jurisdiction over actions affecting the title to real property (1931 Session Laws, p. 28); and (b) the complaint itself refers to the furnace as personal property. The plaintiff does not ask for the return of the furnace, but damages for its conversion. It is, therefore, an action of trover. It seems clear from the foregoing that the taxation of costs and disbursements in this action is governed by subdivision 6 of sections 7-602 and 7-605. It will be observed that subdivision 6 of section 7-602 provides:

"In an action to recover the possession of personal property, if the plaintiff recover property or the value thereof * * * in all less than $50, he shall recover no more costs and disbursements than the sum of such value and damages."

The complaint does not seek the recovery of the furnace, but its value. It is not an action of replevin, and the plaintiff, therefore, is not restricted in the recovery of his costs by the section just mentioned.

The judgment of the circuit court is, therefore, modified by eliminating the allowance of costs and disbursements to the defendant and substituting an allowance of costs and disbursements to the plaintiff.

RAND, C. J., BELT and KELLY, JJ., concur.