211 P.2d 153

**WILDE v. HANSEN.**

No. 7543.

Supreme Court of Idaho.

Nov. 1, 1949.

A. A. Merrill, Idaho Falls, Merrill & Merrill, Pocatello, for appellant.

Alvin Denman, Idaho Falls, for respondent.

HOLDEN, Chief Justice.

June 8, 1947, an automobile owned and driven by Melvin A. Wilde and an auto-mobile owned by Joseph Hansen, driven by his son Lynn (at the time of the accident about 14 years of age), collided on the Grant and Lewisville highway in Jefferson county. Both were residents of that county. September 20, 1947, Wilde filed a complaint against Hansen in the justice court of Idaho Falls precinct, in Bonneville county, to recover certain alleged damages to the Wilde car. September 26, 1947, Hansen demurred to the complaint on the ground it did not state a cause of action. Thereafter, the record does not show when, Hansen filed both a general and special demurrer. Later, Wilde moved to strike certain paragraphs of the special demurrer set forth in such amended demurrer, on the ground the questions thereby raised had been waived. October 24, 1947, an order was entered overruling "defendant's [Hansen's] De-

murrer" without specifying the demurrer overruled, whether the general or amended demurrer. November 12, 1947, Hansen answered. December 19, 1947, the cause was tried. January 19, 1948, judgment was rendered dismissing the action on the ground the driver of the Hansen car was not made a party to the action. Thereafter Wilde appealed to the district court on questions of law alone.

July 9, 1948, the district court vacated and set aside the said judgment of the justice court and ordered that court to enter judgment on the evidence adduced on the trial of the cause in said justice court. August 19, 1948, the justice court rendered judgment against Wilde and in favor of Hansen. September 11, 1948, Wilde appealed to the district court on questions of both law and fact. February 24, 1949, the cause was tried in the district court by the court sitting with a jury. On the same day the jury returned a verdict in favor of Wilde and against Hansen for $95.43, whereupon judgment was duly and regularly entered thereon. February 26, 1949, Wilde filed a memorandum of costs. February 28th Hansen moved to strike the memorandum of costs on the ground the judgment was for less that $100. March 10, 1949, the motion to strike was denied. April 18, 1949, Hansen prosecuted an appeal to this court.

' We have examined the many contentions made by appellant. From these we have sifted those deemed to be sufficiently ma-terial to merit discussion. They will be discussed and disposed of in the following order:

■ 1. That the complaint does not state facts sufficient to constitute a cause of action, in that, it is contended, it appears therefrom appellant's son was driving appellant's car at the time of the accident and that the son was not made a party as provided by subd. 3 of section 49-1004, I.C. That subdivision reads as follows:

[Subd. 3] "Operator to be made party defendant—Recourse to operator's property. In any action against an owner on account of imputed negligence as imposed by this section the operator of said vehicle whose negligence is imputed to the owner shall be made a party defendant if personal service of process can be had upon said operator within this state. Upon recovery of judgment, recourse shall first be had against the property of said operator so served."

The purpose of the legislation is clear. That purpose, and the only purpose, was, that in the matter of the satisfaction of a judgment, recourse must first be had against the property of the operator and in order to so subject the property of the operator, it would be necessary, of course, to make him a defendant. While it is true subdivision 3, supra, provides an operator may be made a party defendant, the preceding section, which should be considered in connection therewith, to-wit, 49-1003, provides:

[Sec. 49-1003] "Every owner of a motor vehicle causing or knowingly permitting a minor under the age of sixteen years to drive such vehicle upon a highway, and any person who gives or furnishes a motor vehicle to such minor, shall be jointly and severally liable with such minor for any damage caused by the negligence of such minor in driving such vehicle."

■ It will be observed the last above quoted section expressly creates a joint, as well as a several liability, where an owner, as in the case at bar, permits a minor to drive his car, and the minor negligently operates the car to the damage of another. The liability being both joint and several, an action may be prosecuted against either or both.

■ We here point out that appellant's specification of error, under discussion, does not present the question as to whether respondent's complaint, in its statement of facts constituting his cause of action, is sufficient. Appellant's contention is that the complaint does not state a cause of action because the operator was not made a party defendant as required, as appellant contends, under subd. 3, supra. There is no merit in that contention. Whether, then, that contention being held without merit, appellant waived any further objection arising out of the failure to make the operator a party defendant, is not important.

■ 2. That the district court was without jurisdiction in that the action in the justice court was brought in the wrong county.

Section 16-201, I.C., provides, among other things, concerning actions in justices' courts:

[Sec. 16-201] "Place of trial.—Actions in justices' courts must be commenced, and subject to the right to change the place of trial as in this chapter provided, must be tried:

1. * * *

2. * * *

3. In cases of injury to the person or property: in the precinct or city where the injury was committed, or where the defendant resides."

And section 16-1002, I.C., provides:

[Sec. 16-1002] "Judgment of dismissal. —Judgment that the action be dismissed, without prejudice to a new action, may be entered with costs, in the following cases:

1. * * *

2. * * *

3. * * *

4. When it is objected at the trial, and appears by the evidence, that the action is brought in the wrong county, or precinct, or city, but if the objection is taken and overruled, it is cause only of reversal on appeal, and does not otherwise

invalidate the judgment; *if not taken at the trial it is waived.*" [Emphasis added.]

While it appears from the record appellant moved in the justice court to dismiss the action, it further appears the motion was made upon the ground the operator was not made a party, not upon the ground the action was brought in the wrong county. Therefore, that objection under the express provision of subd. 4, supra, was waived. Furthermore, appellant having subjected himself to the jurisdiction of the justice court by answer and by participating in the trial of the cause in that court, without objection, it was too late after the jury had been impanelled and sworn to try the cause in the district court, on appeal, to object to the jurisdiction of that court.

3. That the district court erred in sustaining certain objections asked by appellant for the purpose of ascertaining whether respondent Wilde or the Peoples Automobile Inter-Insurance Exchange was the proper party plaintiff and the real party in interest, the insurance company having (it was insisted on the cross-examination of respondent Wilde) paid the repairs on the Wilde car. It appears respondent Wilde was not examined in regard to that matter on direct examination and that that was not made an issue by the pleadings. In support of the contention the court erred in sustaining such objections, appellant cites and relies upon Carrington v. Crandall, 63 Idaho 651, 124

P.2d 914, 149 A.L.R. 824. That was a water suit prosecuted by Carrington to quiet title to 160 inches of the waters of Mahogany Creek in Teton county. The suit was commenced August 27, 1941. October 13, 1941, Carrington executed and delivered a deed conveying the land and the water rights described in his complaint to one Eleanore Patterson, who was not made a party. On the trial Carrington testified he so conveyed both the land and water to Patterson. Whereupon the trial court granted a motion for nonsuit and dismissed the suit. Carrington, having absolutely conveyed the subject matter of the suit, was no longer interested therein, and was not, consequently, a proper party plaintiff, and this court properly so held. In the case at bar there is no evidence whatever that respondent Wilde ever conveyed, assigned or transferred the subject matter of this action, or any interest therein, to the Peoples Automobile Inter-Insurance Exchange. Hence, Carrington v. Crandall, supra, is not in point and does not support appellant's contention.

In the case at bar, that plaintiff and respondent Wilde owned the car he was driving is not disputed; being the owner he was the real party in interest, in that it was his property that was damaged, not the property of the insurance company.

4. That the verdict of the jury is against the weight of the evidence.

It appears the collision occurred in the late afternoon of June 8, 1947, on a through highway near Lewisville in Jefferson county; that it had been raining; that the highway "was kind of slick;" that respondent was "doing about 45, or 50" miles an hour; that respondent saw the Hansen car coming from his lefthand side; that he thought the car would stop because there was a "stop" sign there; that the Hansen car was being driven 10 to 15 miles an hour; that it did not stop at the "stop" sign nor did respondent slow down, and the collision followed. On the evidence reasonable minds might differ on the question of both negligence and contributory negligence. This court is committed to the rule that "where the minds of reasonable men might differ, or where different conclusions might be reached by different minds, the question as to the existence of negligence and contributory negligence are questions for the jury." Stallinger v. Johnson, 65 Idaho 101, 111, 139 P.2d 460; Denton v. City of Twin Falls, 54 Idaho 35, 43, 28 P.2d 202; Call v. City of Burley, 57 Idaho 58, 69, 62 P.2d 101; Evans v. Davidson, 58 Idaho 600, 615, 77 P.2d 661; Byington v. Horton, 61 Idaho 389, 401, 102 P.2d 652, 657.

5. That the court erred in refusing to grant appellant's motion to strike respondent's memorandum of costs, in that respondent recovered less than $100.

In support of that contention appellant cites and relies upon sec. 12-105, I.C.,

originally sec. 4904, C.L., and Richards v. Scott, 7 Idaho 726, 65 P. 433. Neither is in point. Section 12-105, supra, applies to actions originally brought in the district court. Richards v. Scott, supra, construed sec. 4904, C.L., on the recovery of costs in the district court, not in justice court.

From what has been said it follows the judgment must be affirmed, and it is so ordered, with costs to respondent.

PORTER, J., and GLENNON, D. J., concur.

GIVENS and KEETON, JJ., concur in the conclusion.