(No. 5203.   February 14, 1929.)

EDWARD   J.   ARTHUR, Appellant,   v.   KILPATRICK
BROTHERS CO., a Corporation, Respondent.

[274 Pac. 800.]

Sullivan, Sullivan & Van Winkle, for Respondent.

J. G. Hedrick and Clarence T. Ward, for Appellant.

PER CURIAM.—This was an action to quiet title to real property, in which judgment was entered in favor of defendant, on November 15, 1927. Some time in the month of December, 1927, plaintiff died, intestate, and no administrator has been appointed to represent his estate. On January 30, 1928, notice of appeal was filed and served in the name of the deceased plaintiff. Thereafter, motion to dismiss the appeal was filed in this court, mainly on the ground that an appeal may not be taken in the name of a deceased person, without a substitution of, or voluntary appearance by, a representative of such deceased party.

Edward B. Arthur, a son of the deceased plaintiff, filed an affidavit, to which was attached as an exhibit a power

of attorney executed by Edward J. Arthur, deceased, on November 16, 1926, under which it is claimed Edward B. Arthur was given the authority and power, among other things, to convey all property of Edward J. Arthur; and that, pursuant thereto, the property in controversy had been deeded to Catherine J. Arthur after the entry of judgment in the cause and prior to the death of Edward J. Arthur, and that she elected to continue the action and appeal the same in the name of the original party, under the provisions of C. S., sec. 6652.

On the same date of the filing of the affidavit above referred to, a motion was filed to have Catherine J. Arthur substituted as appellant, for the reason that she is the real party in interest. A subsequent affidavit of Edward B. Arthur set forth the names of certain heirs of Edward J. Arthur, deceased, referred to the conveyance to Catherine J. Arthur, and stated:

"As no administrator has been appointed in this state or elsewhere for the said deceased, Edward J. Arthur, this affiant respectfully requests that the said action be continued in the name of Edward J. Arthur in case it should be determined by this court that the said premises constitute part of his estate."

Affidavits were also filed by others of the Arthur family, deposing that respective affiants knew that the purpose, object and intention of Edward J. Arthur, deceased, in executing the power of attorney to Edward B. Arthur was to give and grant unto the latter, power and authority, among other things, to convey property of the said Edward J. Arthur.

C. S., sec. 6652 provides:

"An action or proceeding does not abate by the death or any disability of a party, or by the transfer of any interest therein, if the cause of action or proceeding survive or continue. In case of the death or any disability of a party, the court, on motion, may allow the action or proceeding to be continued by or against his representative or successor in interest. In case of any other transfer of interest the action or proceeding may be continued in the

name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding.''

Having in mind the provisions of the foregoing statute, the situation to be addressed on the motion to dismiss is (1) the request of Catherine J. Arthur, as grantee of the property under deed of Edward J. Arthur, by Edward B. Arthur, attorney-in-fact, before the death of Edward J. Arthur, to be substituted as appellant; and (2) if the efficacy of the deed to Catherine J. Arthur be inquired into and it is held to be of no force or effect by reason of failure of the power of attorney to extend to the right of conveying real estate belonging to Edward J. Arthur, the application to have the action continued in the name of Edward J. Arthur, deceased, in behalf of his heirs.

If there were no question as to the sufficiency of the power of attorney, claimed to authorize the deeding of the property to Catherine J. Arthur, undoubtedly she would have the right to be substituted as appellant, coming within the provisions of the last sentence or clause of C. S., sec. 6652, *supra,* covering a transfer during the lifetime of the original party, such as is purported to have occurred herein. In such circumstances it is unnecessary to decide whether, upon the death of the transferor and original party, the action could be continued in his name, since the request is made by the transferee or assignee to be substituted. Her right, however, to continue the action or to be substituted as appellant being disputed, it appears to us that she must present satisfactory evidence of the grounds upon which she relies to be made a party to the action in her own right entirely. This involves, therefore, a consideration of the power of attorney, under which it is contended the property formerly belonging to Edward J. Arthur, deceased, was conveyed to her and is now her property, subject of course to determination of the litigation involving the title.

The instrument is denominated ''special power of attorney,'' and admittedly does not expressly give Edward B. Arthur the power to convey real estate of Edward J. Arthur, but grants him ''full power and authority to do

and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises (concerning all property belonging to Edward J. Arthur within the State of Idaho) as fully to all intents and purposes as he might or could do if personally present, hereby ratifying and confirming all that his said attorney, Edward B. Arthur shall lawfully do or cause to be done by virtue of these presents.'' It is seen that this power of attorney contains no authority to convey real estate, *eo nomine*, and, as such instruments are subject to strict interpretation, without regard to parol evidence, and are not to be construed as authorizing acts beyond those specified (see 1 Cal. Jur., p. 748 et. seq.), our conclusion is that the deed to Catherine J. Arthur was ineffective by reason of insufficiency of the power of attorney to authorize conveyance of real estate. It follows, therefore, that the request of Catherine J. Arthur to be substituted as appellant in the cause and to continue the same in her name and right must be denied.

The request that the action be continued in the name of Edward J. Arthur, deceased, in behalf of his heirs, if granted, would not be a substitution, and by the provisions of C. S., sec. 6652:

''In case of the death or any disability of a party, the court, on motion, may allow the action or proceeding to be continued by or against his representative or successor in interest.''

It is clearly expressed that a substitution of a representative or successor in interest of the deceased is necessary in order to have the action continued. (20 Cal. Jur. 544; *Lowe v. Superior Court*, 165 Cal. 708, 134 Pac. 190.)

There is no proper party appellant before the court, and the appeal must be dismissed. It is so ordered.

All concur.