(No. 6348. October 28, 1936.)

KENNETH F. WITHINGTON (Substituted in Lieu of JOHN E. ERICKSON), Appellant, v. JOHN F. ERICKSON and GRACE ERICKSON, Respondents.

[63 Pac. (2d) 150.]

F. A. McCall and L. E. Glennon, for Appellant.

E. W. Whitcomb for Respondents.

MORGAN, J.—Prior to and on April 18, 1927, John E. Erickson was the owner of land hereinafter described, and on that date executed and delivered to his son, John F. Erickson, a deed conveying it to him. At the time of the execution of the deed, and as a part of the same transaction, a contract was entered into wherein the son was named as party of the first part and the father as party of the second part, in which it was recited:

"That the party of the first part, for and in consideration of the conveyance to him by warranty deed of the NE¼ of Lot 4, Sec. 3, Twp. 20 N. R. 23 E. B. M., Lemhi County, Idaho, by the party of the second part, which said deed has been delivered to the party of the first part, does hereby promise and agree to and with said second party as follows:

"That he will support, provide for, furnish food, clothing, shelter, medical attention, and do all other necessary and proper things essential to the welfare and comfort of said second party, so long as he, the said John E. Erickson, shall live, and upon the death of said second party will furnish him with a decent Christian burial.

"It is further agreed that if said first party shall violate any of the covenants of this agreement, the said deed shall be null, void and of no force or effect whatsoever."

The defendants answered the complaint, and cross-complained alleging they owned the land, and prayed that their title thereto be quieted.

For a period of about ten months after the execution of the contract and deed the original parties to the action lived together on the land. During that time trouble arose between them which resulted in respondents removing from the premises. Thereafter other persons, for varying periods of

time, lived on the place with the father and took care of him. At the time of the trial Kenneth Withington was occupying the premises and caring for him.

Withington was called as a witness on behalf of plaintiff and, although he was not a party to the action and any interest he may have had in the property involved was not in issue, testified:

"Q. Where do you reside at the present time?

"A. Mr. Erickson's place.

"Q. Under what circumstances?

"A. Well, I was supposed to clothe and feed him, all medical attention and bury him, and at his death I am supposed to get his place.

"Q. You have a written agreement with him?

"A. Yes, sir.

"Q. Are you now in possession of the place?

"A. Well, to a certain extent. I have you might say leased it until he is gone."

On cross-examination he testified:

"Q. And you are carrying on, and have an expectation of securing title to that ranch?

"A. Yes.

"Q. Have you got a deed?

"A. Yes.

"Q. Where is it?

"A. At home.

"Q. Have you recorded it?

"A. No, sir.

"Q. Why not?

"A. It isn't any good until I fulfill my contract.

"Q. How do you know it isn't any good?

"A. The way I read the contract I didn't think it was."

Neither the deed nor the contract was introduced in evidence and the record discloses nothing further with respect to Withington's claim to the property.

The trial took place June 20, 1934. It resulted in a decree quieting respondents' title, and a motion for a new trial was made and denied. After the trial, and before appeal, John E. Erickson died, and a motion was made that Withington be substituted, as successor in interest, as a party

litigant in his place. The motion resulted in an order, made November 23, 1935, substituting him as a party litigant in lieu of the deceased plaintiff, and he gave notice of and filed an undertaking on appeal.

Respondents moved to dismiss the appeal on the ground, among others, that the order of substitution was granted *ex parte* and without notice, of the time and place of the hearing, to them, or either of them, or to their attorney. The motion for substitution was served on counsel for respondents, but no notice was given of the time and place when and where it would be heard. It was heard by the judge in chambers, and was granted without respondents, or their attorney, being given an opportunity to oppose it.

In I. C. A., sec. 5–319, it is provided:

"An action or proceeding does not abate by the death or any disability of a party, or by the transfer of any interest therein, if the cause of action or proceeding survive or continue. In case of the death or any disability of a party, the court, on motion, may allow the action or proceeding to be continued by or against his representative or successor in interest."

Sec. 1–901 contains the following:

"A district judge may sit at chambers anywhere within his district, and when so acting, has jurisdiction and powers as follows: . . . .

"9. To grant all orders and writs which are usually granted in the first instance upon *ex parte* applications. . . . .

"13. To hear demurrers and motions and other issues of law, and to settle and make up issues of law. . . . . "

Sec. 1–903 is as follows:

"Before a demurrer, motion or other issue of law is heard at chambers, the party desiring said issue to be heard, shall give at least five days' notice to the opposing party, of the time and place of said hearing."

Orders substituting as litigants the successors in interest of parties to actions are not "usually granted in the first instance upon *ex parte* applications," as mentioned in subd. 9, sec. 1–901, but are within the scope of sec. 1–903, requiring notice to be given to the opposing party of the time and place of the hearing of a motion for such order.

Appellant, Withington, is not executor or administrator of the deceased's estate and does not appear here in a representative capacity (*Oatman v. Hampton,* 43 Ida. 675, 256 Pac. 529), but seeks to prosecute this appeal as successor in interest, by conveyance.

Respondents had a right to be heard in opposition to the motion to substitute Withington for the deceased plaintiff, and the order of substitution, made without their having had notice as required by statute, is void for want of jurisdiction to make it. This leaves the case without a proper party appellant, and the appeal must, therefore, be dismissed. (*Arthur v. Kilpatrick Bros. Co.,* 47 Ida. 306, 274 Pac. 800.) It is so ordered. Costs are awarded to respondents.

Givens, C. J., and Holden and Ailshie, JJ., concur.

Petition for rehearing denied.