(No. 7012.   April 21, 1942)

C. E. CARRINGTON, Appellant, v. LYNN CRANDALL, GEORGE E. WOOD, MRS. GEORGE E. WOOD, GOLDEN (DODD) WOOD, HENRY BATES, MRS. HENRY BATES, NORMA DUSTIN, MRS. NORMA DUSTIN, RALPH BYRNE and MRS. RALPH BYRNE, Respondents.

(124 Pac. (2d) 914)

A. A. Merrill and L. H. Merrill, for Appellant.

S. H. Atchley and C. W. Poole, for Respondents.

BUDGE, J.—This action was brought by appellant to quiet title to the right to the use of 160 inches of the waters of Mahogany Creek in Teton County. The cause regularly came on for trial, evidence, oral and documentary, was offered and introduced on behalf of appellant whereupon appellant rested. Respondents thereupon moved the Court for judgment of non-suit upon several grounds. If we are correct in our conclusion, there is but one ground of the motion that needs consideration, namely, that the evidence introduced by appellant, without contradiction, established the fact that appellant had conveyed to one Eleanore Patterson pendente lite, by absolute conveyance, the subject matter of this action; that he was no longer a real party in interest in the action. Whereupon the trial court granted the motion for non-suit and dismissed the action, from which judgment this appeal is prosecuted.

The following facts appear from the record. Appellant filed his complaint on August 27, 1941. On October 13, 1941, he made, executed and delivered a deed, conveying the land and the water right described in his complaint,

to Eleanore Patterson of Washington, D. C., who was not made a party. With reference to the title to the land and the water right, appellant testified on direct examination as follows:

"Q. Have you ever sold any of your water right, which is the subject of this litigation?
"A. No sir.
"Q. Do you still own it?
"A. I still own it."

On cross-examination, appellant testified:

"Q. I believe you testified yesterday, Mr. Carrington, that you still own the land that you occupy and the water right appurtenant to it?
"A. I have possession of it at the present.
"Q. Did you testify yesterday that you still owned it?
"A. I may have. I *dont* know.
"Q. Well, do you still own it?
"A. No sir.
"Q. Neither the land, nor the water right?
"A. No sir.
"Q. Who owns it?
"A. A lady by the name of Patterson."

Appellant testified on re-direct examination:

"Q. When you sold your property a few days ago, I ask you now if you received any consideration, whatsoever, for it?
"A. No, I haven't any, yet.
"Q. The deed recites one dollar consideration, did you receive that one dollar?
"A. No sir.
"Q. Do you still have possession of that property?
"A. I certainly do."

On re-cross-examination:

"Q. The deed recites 'Other valuable consideration.' What was the other valuable consideration?
"A. That's up to the lady's own price. * * * She can give me whatever she likes.

"Q. Well, what other valuable consideration have you received?

"A. None.

"Q. That deed was drawn at your suggestion and request?

"A. We have had correspondence among ourselves, and I sent it to her, and she said she would accept it. I got my notice this morning.

"Q. And so far as you and the lady are concerned the transaction is closed?

"A. Not until I get my dollar, and what she intends to give me."

The record discloses that counsel for appellant made a statement in effect that it was their first intention, before the court ruled on the motion, to amend their pleadings and make the real party in interest, the legal owner, a party to the action, but having no opportunity to consult with her, she being in Washington, D. C., no amendment in this respect would be requested. From appellant's evidence, it is clear that he had parted with title to both the land and the water right by an absolute deed of conveyance thereof; that one Eleanore Patterson was the real party in interest, the legal owner, and was not made a party to the action due to the objection of appellant. There is no evidence in the record that Eleanore Patterson had knowledge of the pendency of the action, or that would justify the conclusion that appellant had such interest therein as would entitle him to maintain the action. I. C. A., sections 5-301 and 5-319, provide:

(5-301)

"Every action must be prosecuted in the name of the real party in interest, except as otherwise provided by this code."

(5-319)

"An action or proceeding does not abate by the death or any disability of a party, or by the transfer of any interest therein, if the cause of action or proceeding survive or continue. In case of the death or any disability of a party, the court, on motion, may allow the action or proceeding

to be continued by or against his representative or successor in interest. *In case of any other transfer of interest the action or proceeding may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action or proceeding."* [Italics ours.]

In *Cranmer v. Howard*, 45 S. D. 218, 183 N. W. 125, under a statute substantially the same as section 5-319, supra, will be found the following language:

"It seems to be generally held to be against public policy to permit parties having no actual interest in a controversy other than costs to further prosecute and defend an action. The provisions of the statute (section 2317 Rev. Code 1919) authorizing the continuance of a suit, after a transfer of the subject-matter, in the name of the original party, or by the person to whom a transfer has been made, exists solely for the benefit of the transferee, and not for the benefit of the assignor. The transferee alone has the right to elect as to whether the action, after a transfer of subject-matter, shall be carried on in the name of the original party, or whether he will proceed as a substituted party in his own name. The fact that after such transfer the action may be carried on in the name of the original party does not make such original party a party in interest that may thereafter in any manner control the procedure of the action. In the case of *Sykes v. Beck*, 12 N. D. 242, 96 N. W. 844, the Supreme Court of North Dakota, under a like statute, said:

'The statute of California is substantially like our own. It has been uniformly held in that state that, when the subject-matter of a pending action is transferred, it is the right of the transferee to prosecute and defend that action either in the name of the original party, or to request a substitution, and further, that the assignor pendente lite is, after the assignment, divested of further authority to control the action.' [Citing cases.]

\*    \*    \*    \*    \*    \*    \*    \*    \*

"Under elementary rules of pleading and practice, where a defendant transfers his interest pendente lite the

original plaintiff in order to acquire jurisdiction over the person of the transferee, if he so desires, must, by supplementary complaint and procedure, acquire such jurisdiction. But when a plaintiff transfers his interest in the subject-matter pending suit and before trial, the original defendant, under a general denial, and without supplementary answer may, on the trial, show transfer of interest by plaintiff, or title in a third party, as a direct defense to plaintiff's right to recover."

In *Daneri v. Gazzola*, 139 Cal. 416, 73 Pac. 179, in the course of that opinion, it is held:

"The real party in interest had the right to control the action, and to prosecute it or not as she may see fit. Defendants have the right to insist upon the action being prosecuted against them by the real party in interest. Angella Daneri [real party in interest] does not appear in any way in the proceedings. A judgment in the case, in its present shape, would not be binding upon her. Defendants would not be protected by it. * * * It is sufficient to say that the real party in interest has not asked to have it [the trial] so continued. Neither has she asked to be substituted. When she desires to proceed, it is presumed she will follow the statute."

In *Wilson v. Kent*, 38 Colo. 492, 88 Pac. 461, in the course of that opinion, it is said:

"Defendant offered to prove that plaintiffs Kent and Moore had assigned all interest in the subject-matter of this suit. Objections were made and sustained to this offer, and in this the court erred. It is a fundamental principle that actions must be brought in the name of the real party in interest. If these parties had transferred their interest previous to the commencement of the suit, they were not proper parties plaintiff and the action could not be maintained on their behalf. If the assignment was made after the commencement of the suit, if any assignment has been made, there should have been a substitution of parties plaintiff. One who has parted with his interest cannot maintain an action in respect to it. *Smith v. Brittenham*, 109 Ill. 540."

In 1 C. J. S., p. 163, sec. 112 (f), the rule is stated

as follows with reference to the transfer of the subject matter of the action:

"However, as between the transferee and the transferor, a statute authorizing the continuance of a suit, after a transfer of the subject matter, in the name of the original party, or by the person to whom a transfer has been made, exists solely for the benefit of the transferee, and not for the benefit of the transferor, and he alone has the right to elect as to whether the action, after a transfer of subject matter, shall be carried on in the name of the original party, or whether he will proceed as a substituted party in his own name. The fact that after such transfer the action may be carried on in the name of the original party does not make such original party a party in interest that may thereafter in any manner control the procedure of the action."

It will be remembered that during the pendency of the action, appellant conveyed, by deed absolute, both the land and water right to Eleanore Patterson, to which water right he now seeks to quiet title in himself, not in his transferee. No application was made to the trial court that the real party in interest (I. C. A., sec. 1-903; *Withington v. Erickson,* 57 Idaho 53, 63 P. 2d 150.) be made a party to the action to the end that the subject matter in litigation between the parties be judicially and finally determined. Appellant, through his counsel, objected to his transferee being made a party to the action. It would seem that a proper construction of the above statutes (secs. 5-301, 5-319), when applied to the facts, can lead to but one conclusion, namely that appellant, having parted with all his interest in and to the land and water right, having failed and refused to apply for an order of substitution of the proper party to the action, and his transferee having made no application, or otherwise indicating that the proceedings be continued in the name of appellant, was no longer in a position to maintain the action since his transferee had absolute control over the proceedings and was the real party in interest.

If as between appellant and his grantee, the transfer of the title to the water right was complete, so that appellant was divested of all control of, and right to,

the water right, and his grantee was entitled to such right and control, the grantee was the real party in interest, whether the conveyance of the water right was with or without consideration. There is nothing in the record which tends to prove that appellant had any interest in the water right subsequent to the conveyance thereof by him to Eleanore Patterson. Appellant was therefore not the real party in interest. A real party in interest, within the meaning of the provisions of the Code, is the person who will be entitled to the benefits of the action if successful, one who is actually and substantially interested in the subject matter. Therefore, the court did not err in sustaining the motion for non-suit and dismissing the action.

From what has been said it follows that the judgment must be and hereby is affirmed. Costs to respondents.

Givens, C. J., and Morgan, Holden, and Ailshie, JJ., concur.