258 P.2d 357

**CAUGHEY v. GEORGE JENSEN & SONS.**

No. 7948.

Supreme Court of Idaho.

June 10, 1953.

Rehearing Denied July 3, 1953.

A. G. Sathre, Cottonwood, J. B. Eldridge, Placerville, for appellant.

Robert M. Robson, Grangeville, for respondent.

KEETON, Justice.

Plaintiff brought this action to recover an alleged balance due on an open and running account, claiming in his complaint that on and between April 13, 1948, and October 25, 1950, he sold defendants, a copartnership, petroleum products of the value of $6,357.03; that there had been paid by defendants $4,721.92, leaving a balance of $1,635.11. Defendants answered the complaint; denied that there was any balance due; claimed that the purchases amounted to only $4,176.48, and that the account had not only been paid in full, but that there was an over-payment of $1,510.80. On issues thus joined, the case was tried before a jury and verdict rendered for plaintiff for the amount claimed, on which judgment was entered. From this judgment defendants appealed.

In assignments of error, defendants (appellants here) assert that plaintiff (respondent here) is not the real party in interest, for which reason the court had no jurisdiction to hear and determine the cause.

This contention is premised on the following facts: Respondent was a consignee of oil and petroleum products for the Union Oil Company of California, and he sold and distributed to customers these

products in a designated area. Respondent furnished the delivery trucks and equipment for making deliveries and was entitled to a commission on all sales. Customers purchasing oil products who had a credit rating approved by the Company were entitled to the products within certain limited amounts at the risk of the Company, and respondent received his commission on such sales whether the account of such approved risks was paid or not.

On accounts not approved as credit risks by the Company, or where no credit rating was established, any oil products delivered to such customers by respondent were at respondent's risk and he was liable to the Company for the payment of such unauthorized sales. Appellant partnership was not an approved credit risk and any oil products sold and delivered to it by respondent were on a C.O.D. basis and were charged by the Company to respondent, and he was required to pay the Company whether or not the account was collected. Payment for some of the products sold and delivered to appellants was made to the Company on bills from time to time furnished. Other payments were made direct to respondent and by him credited on appellants' account. Because of non-payment by appellants the Company charged to respondent uncollected items in the sum of $2,571.99, and of this amount appellants paid respondent the sum of $936.88, leaving unpaid the amount sued for. In other words, the Company had been paid in full the appellants' account, and of which sum respondent, as consignee of the oil products, advanced and paid the Company the sum of $1,635.11, in which amount appellants had never reimbursed respondent. At the time the suit was instituted respondent had bought from and paid the Company for the petroleum products which respondent had sold and delivered to appellants. A statement from the Company, plaintiff's exhibit 1, disclosed that the account of appellants' had been paid it in full by respondent from monies partly paid by appellants. The balance of $1,635.11 was paid the Company by respondent. In other words respondent had paid for the oil products sold appellants in full.

Under this state of facts appellants assert that the Union Oil Company is the real party in interest, and that the action could not be prosecuted by respondent, citing Sec. 5–301, I.C., which reads:

"Every action must be prosecuted in the name of the real party in interest, except as otherwise provided by this code."

The appellants cite no authority applicable to the facts to support the contention made. The brief quotes extensively from Pomeroy's Code Remedies stating certain generalities in nowise, as we read it, applicable to the contention made.

The real party in interest is the one who has a real, actual, material or sub-

stantial interest in the subject matter of the action, the primary object being to save a defendant from further suits covering the same demand or subject matter, i. e., the real party in interest is the person who can discharge the claim upon which the suit is brought and control the action brought to enforce it, and who is entitled to the benefits of the action, if successful, and can fully protect the one paying the claim or judgment against subsequent suits covering the same subject matter, by other persons.

Where a plaintiff shows such a title as a judgment upon it being satisfied will protect a defendant from further suits or loss, the object has been satisfied, the action being prosecuted by the real party in interest.

It is generally held that the owner of the legal title is sufficient to meet the requirements of the statute.

Exceptions to this rule, such as trustees of an express trust, or actions prosecuted by one for the benefit of another, or an action authorized by statute, are not in point here, and need not be discussed or determined.

We conclude under the facts presented the respondent is the real party in interest. For authority see Carrington v. Crandall, 63 Idaho 651, 124 P.2d 914, 149 A.L.R. 824; Weber v. City of Cheyenne, 55 Wyo. 202, 97 P.2d 667; 39 Am.Jur. 868, Sec. 15, 869, Sec. 16, 871, Sec. 17; 67 C. J.S., Parties, § 10, pages 911 to 914, and 20 Cal.Jur. 490, Sec. 10. It should be further noted that the appellants made no application to have the Union Oil Company joined as a party, and appellants filed a counterclaim against respondent covering the same transaction.

Appellants assign as error the giving of instruction No. 1, asserting that that part of the instruction which told the jury "the plaintiff Frank S. Caughey brings suit against defendants George Jensen & Sons and alleges that as agent and manager of the Union Oil Company at Grangeville * * *" is erroneous.

The allegation in the complaint referred to is as follows:

"That the plaintiff is the owner and manager of a petroleum distributing system for the Union Oil Company of California, being consignee of petroleum products made by said company for distribution in Idaho County; that he is now and at all times concerned in the complaint herein has been a resident of Idaho County, State of Idaho."

We are unable to see how the instruction as given prejudiced appellants. The issues to be determined were clearly defined in other instructions. While the instruction complained of did not exactly, or in detail, conform to the allegation of the complaint, there was no prejudice.

136

Appellants also claim in assignments of error that the evidence is insufficient to sustain the judgment.

A tabulation of the account sued on was incorporated in the complaint, and plaintiff's exhibit 4, summarizing the account in detail, was admitted in evidence without objection. Original vouchers and book entries supporting the claim so summarized were produced and admitted in evidence. Appellants in their brief do not point out wherein the facts proved were insufficient to sustain the judgment.

While appellants in their testimony disputed receipt of a part of the oil products enumerated in the summarization and in the sales slips and book entries admitted in evidence, the determination of this issue was a question for the jury, which it determined adversely to appellants.

Appellants complain that no instructions covering the law of agency were given. The question of agency was not involved, nor were any such instructions requested. There is no ruling of the trial court on the subject urged, hence there is nothing before this Court to review. If appellants wanted instructions given the jury which they considered pertinent to the issues, such instructions should have been requested. We are of the opinion the instructions given as to the law covered all issues presented. We find no error. Judgment is affirmed. Costs to respondent.

PORTER, C. J., and GIVENS, TAYLOR and THOMAS, JJ., concur.