779 P.2d 22

**Sydney Mae LOWRY, Individually, and Sydney Mae Lowry, as personal representative of the Estate of Steven Douglas Lowry, Deceased, Plaintiff–Counterdefendant–Appellant–Cross Respondent,**

v.

**IRELAND BANK, an Idaho banking corporation, and R. Brad Bowen, Defendants–Counterplaintiffs–Respondents–Cross Appellants.**

No. 17624.

Court of Appeals of Idaho.

Sept. 1, 1989.

A. Bruce Larson, Soda Springs, for appellant.

Guy R. Price, argued, and Archie W. Service, Green, Service, Gasser & Kerl, Pocatello, for respondent.

BURNETT, Judge.

This appeal presents issues relating to a bank loan, credit life insurance and an encumbrance of community real property. Sydney Mae Lowry, a widow, brought this action against Ireland Bank, seeking payment of credit life insurance proceeds allegedly due upon her husband's death. The Bank counterclaimed, demanding payment

on a promissory note she and her husband had signed. The district court entered summary judgment dismissing Mrs. Lowry's insurance claim, but the court held a bench trial on the bank's claim to recover on the note. Following that trial, the court entered a judgment for the bank, but for less than the amount sought. Both parties appealed. For reasons explained below we vacate the judgments and remand the case for further proceedings.

The background facts are as follows. Mrs. Lowry and her husband borrowed money to build an auto body repair shop on a parcel of land which they owned as community property. The loan was evidenced by a $20,000 revolving credit note in favor of Downey State Bank, a predecessor of Ireland Bank. The note was secured by a deed of trust on the shop property. The documents were prepared by the bank and signed by the Lowrys. The bank manager notarized the documents even though Mrs. Lowry's signature and acknowledgement did not occur in his presence. Later, Mr. Lowry amended the note by interlineation, increasing the loan to $25,600. The bank disbursed the additional $5,600 to the Lowrys' joint account. Mrs. Lowry did not initial the amendment of the note.

Approximately six months after the original note was signed, Mr. Lowry asked the bank to add credit life insurance to the note. The bank manager agreed, and he put a statement on the promissory note that Mr. Lowry had requested life insurance. The note was then submitted to the bank's insurance carrier. A few days later, the insurance carrier informed the bank that credit life insurance could not be added to an existing note.

What happened next is in dispute. The bank manager stated in a deposition that he called Mr. Lowry and told him about the insurance problem. The bank manager also stated that he offered to execute new loan documents if Mr. Lowry still wanted the insurance. If this conversation took place, it occurred at least three weeks after the insurance carrier had informed the bank it could not insure an existing note. Shortly after the alleged conversation, Mr. Lowry was killed in an airplane crash. The bank's files subsequently were found to contain new loan documents apparently awaiting signatures.

In her suit against the bank, Mrs. Lowry cast the insurance question as one of negligence. She alleged that the bank's manager negligently had failed to obtain the credit life insurance in a timely fashion. She demanded $25,600 in damages. As mentioned above, the bank counterclaimed on the amended note and sought foreclosure of the deed of trust. The district court dismissed Mrs. Lowry's claim and sustained the bank's claim, but limited the bank's recovery to the original $20,000 obligation.

On appeal, Mrs. Lowry has argued that dismissal of her claim by summary judgment was improper because there was a genuine issue of material fact concerning the bank manager's alleged negligence. She further contends that the note cannot be collected by foreclosure on the deed of trust, in any amount, because (a) the deed of trust is void for lack of proper acknowledgement of her signature; (b) the note has been materially altered and, therefore, should not have been admitted into evidence; (c) the bank did not timely file a claim in probate against her husband's estate; and (d) Ireland Bank, as successor to Downey State Bank, is not the real party in interest. In its cross appeal, Ireland Bank argues that it should be entitled to collect the full amount of the amended note, $25,600, from the encumbered real property.

I

We first address Mrs. Lowry's contention that summary judgment should not have been entered against her insurance claim. In our review of a summary judgment, we determine whether there are any genuine issues of material fact and, if not, whether the prevailing party below was entitled to summary judgment as a matter of law. I.R.C.P. 56(c). In reaching our decision, we view the narrative facts in the light most favorable to the non-moving party. Boise Car and Truck Rental Co. v.

Waco, Inc., 108 Idaho 780, 702 P.2d 818 (1985).

■ Here, the district court held there was no genuine issue of material fact as to the bank's negligence because the bank manager said he had telephoned Mr. Lowry and had told him that new loan documents were required for the credit life insurance.[1] The district court concluded that this statement disproved any negligence by the bank because the conversation put Mr. Lowry on notice of the need to sign new documents. The court further concluded that Mr. Lowry was contributorily negligent in failing to sign the documents promptly.

■ As noted, there is a dispute as to whether the bank manager actually did so notify Mr. Lowry. Mrs. Lowry suggests he did not. The only person who could confirm or directly controvert the bank manager's story is dead. The record contains a telephone bill showing the existence of a call from the bank to the Lowrys' telephone number. However, the bank concedes that the call occurred some three weeks after the insurance carrier informed the bank of its refusal to issue the credit life insurance. Moreover, the bank manager admitted falsely notarizing Mrs. Lowry's signature on the deed of trust. Taken together, these facts frame an issue of the bank manager's credibility. A determination of credibility should not be made on summary judgment if credibility can be tested in court before the trier of fact. *Argyle v. Slemaker,* 107 Idaho 668, 691 P.2d 1283 (Ct.App.1984).

■ Moreover, even if Mr. Lowry was told during the telephone call of the need to sign new documents, this would not necessarily establish that the bank manager had acted in a timely fashion or that Mr. Lowry was contributorily negligent. If the bank manager did notify Mr. Lowry, he evidently waited several weeks before doing so. Mr. Lowry died a few days after the alleged notification. Viewing the facts in a

light most favorable to Mrs. Lowry, a jury *could* find that the bank manager's conduct was negligent. In addition, the jury *could* find that such negligence was not superseded or comparatively outweighed by any negligence on Mr. Lowry's part. Accordingly, we conclude that summary judgment against Mrs. Lowry's insurance claim was improper.

## II

We turn now to Mrs. Lowry's challenge to the judgment allowing the bank to collect the original $20,000 note by foreclosing against the shop property. She raises several issues, which we will address in turn.

## A

Mrs. Lowry's first contention is that the deed of trust is void because her signature was not acknowledged as required by I.C. § 32–912. This statute provides that in order to convey or to encumber community realty, both spouses must sign and acknowledge the instrument of conveyance or encumbrance. However, the statute does not create an inexorable rule. In *Tew v. Manwaring,* 94 Idaho 50, 480 P.2d 896 (1971), our Supreme Court held that a party can waive the protective requirements of I.C. § 32–912. The Court stated that even if an instrument lacks an acknowledgment of a spouse's signature, the spouse will be deemed to have waived the defect if his or her conduct is consistent with the existence and validity of the instrument. *Id.* at 54, 480 P.2d at 900.

■ Here, the Lowrys treated the deed of trust as valid, and they accepted the loan proceeds from the bank. Mrs. Lowry later admitted that she had signed the deed of trust. Consequently, we hold that her conduct was consistent with the existence of a valid encumbrance. She cannot now raise the lack of acknowledgment as a defense.

---

1. We note, incidentally, that Mrs. Lowry contends the "dead man's" statute, *see* I.R.E. 601(b), bars evidence concerning a telephone conversation between Mr. Lowry and the bank manager. We disagree. The statute does not apply to evidence used to defend against a claim. Because the evidence at issue here was used to defeat Mrs. Lowry's claim, I.R.E. 601(b) is inapposite.

## B

We turn next to Mrs. Lowry's contention that the amended promissory note is an altered document that should not have been admitted into evidence. Idaho Code § 9–601 provides that an altered document may be admitted if the alteration is not "material to the question in dispute." It also provides that an altered document can be used as evidence if the alteration was made with the consent of the affected parties. The parties have not contended that the statute is inconsistent with the Idaho Rules of Evidence; accordingly, we will assume that it is effective and pertinent to the issue here. *See* I.R.E. 1102.

It is undisputed that $20,000 was loaned to Mr. and Mrs. Lowry. Mrs. Lowry admits signing the note for that amount. Consequently, the document could be used to prove the $20,000 obligation. Moreover, Mrs. Lowry conceded in her complaint that her husband had borrowed the additional $5,600. She later verified that the initials on the note, appearing next to the amendment, were in Mr. Lowry's handwriting. As we will explain later, the bank has not contended that Mrs. Lowry is individually liable for the $5,600. Rather, it has contended that Mr. Lowry incurred the obligation and that it may be collected from the couple's community real property described in the deed of trust. Because the alteration of the note was made with Mr. Lowry's participation and obvious consent, we hold that the amended note was admissible as to the particular claim presented in this case.

## C

Mrs. Lowry further contends that the bank cannot recover on the note because it did not file a timely claim against her husband's estate under I.C. § 15–3–803. The bank filed no claim in probate against Mr. Lowry's estate; rather, it made a demand through its counterclaim in Mrs. Lowry's action, naming the estate as an additional counterdefendant. Nevertheless, Mrs. Lowry's reliance upon I.C. § 15–3–803 is misguided. The statute itself contains an exception regarding proceedings to enforce a mortgage or other lien upon estate property. *See* I.C. § 15–3–803(c). Because this case involves a trust deed, which is a form of lien, the bank was not required to comply with the requirements elsewhere contained in the statute. Therefore, the statute is inapplicable to this case.

## D

Finally, Mrs. Lowry argues that Downey State Bank, not Ireland Bank, is the real party in interest. She invites attention to Rule 17(a), I.R.C.P., which requires every action to be "prosecuted in the name of the real party in interest." In this case, Downey State Bank made the loans. Mrs. Lowry filed her complaint against Downey State Bank. However, as noted by the district court, Ireland Bank subsequently took over Downey State Bank, assuming all of the bank's assets, accounts and liabilities. We deem it clear that Ireland Bank thereby became the real party in interest for this action, within the meaning of I.R.C.P. 17(a). *See Caughey v. George Jensen & Sons*, 74 Idaho 132, 258 P.2d 357 (1953) (real party in interest is one who has substantial interest in the subject matter and whose satisfaction of a judgment will bar further suit on the same matter). We see no error in treating Ireland Bank as the proper party in this case.

## III

We now arrive at Ireland Bank's cross-appeal. The bank contends that the district court erred in its determination that the community real estate—i.e., the shop property described in the deed of trust—was encumbered only for the amount of the original note, $20,000. The bank argues that the additional $5,600 loan also was secured by the deed of trust. Mrs. Lowry counters that because she signed no document increasing the loan, the property is not a source of repayment beyond the original $20,000 obligation.

Of course, the bank does not assert that Mrs. Lowry is an individual obligor on the

$5,600 loan.[2] The mere fact that her husband borrowed the money would not impose personal liability upon her as a spouse. Idaho's community property laws do not displace fundamental principles governing individual liability for a debt. Rather, they simply affect the property to which creditors may look for satisfaction of the debt. *Twin Falls Bank & Trust Co. v. Holley*, 111 Idaho 349, 723 P.2d 893 (1986). Here, the bank argues that the shop property is a source of payment for the $5,600 debt because it was community property when the debt was incurred and has been encumbered by the deed of trust.

We have noted that community real property can be validly encumbered only if both spouses join in executing the instrument of encumbrance. I.C. § 32–912. The statute evinces a legislative policy of protecting community real property from creditors, unless both spouses agree in writing to incur the debt. Thus, the statute usually requires two signatures. However, an exception to this general rule exists if one spouse is authorized to act as an agent for the management and disposition of community real property. *Noble v. Glenns Ferry Bank, Ltd.*, 91 Idaho 364, 367, 421 P.2d 444, 447 (1966). Our Supreme Court has held that such an agency may be created by an express power of attorney, as authorized by I.C. § 32–912, or may be inferred from the circumstances and conduct of the parties. *Noble*, 91 Idaho at 368, 421 P.2d at 448.

In this case, the deed of trust recited that it was executed for the following purposes:

[S]ecuring payment of the indebtedness evidenced by a promissory note, of even date herewith, executed by Grantor in the sum of Twenty Thousand and no/100ths dollars ($20,000.00), final payment due 8/10/89, and to secure payment of *all such further sums as may hereafter be loaned or advanced by the beneficiary herein to the Grantor here-in, or any or either of them,* while record owner of present interest, for any purpose, and of any notes, drafts or other instruments representing such further loans, advances or expenditures together with interest on all such sums at the rate therein provided. (Emphasis added.)

Both spouses signed this instrument. It clearly authorized Mr. Lowry to obtain a further loan secured by the encumbered property. Nevertheless, the district court held that the property was not encumbered by the additional loan because Mrs. Lowry did not sign or initial the amendment to the promissory note. In so holding, the court focused too narrowly on whether Mrs. Lowry participated directly in obtaining the additional loan. The dispositive question is whether she consented to the additional loan, and to the commensurately increased encumbrance of the property, by agreeing that the bank could make such a loan at her husband's request. We hold that she did. Therefore, we must set aside the district court's determination that the bank was not entitled to collect the additional loan by foreclosure of the deed of trust.

In conclusion, we vacate the summary judgment dismissing Mrs. Lowry's insurance claim. We also vacate that part of the subsequent judgment limiting the bank's recovery to the original note obligation. We remand the case for proceedings in accordance with this opinion. Because the credit life insurance claim and the promissory note obligation are interrelated and potentially offsetting, and because this appeal has produced a mixed result, we decline to specify a prevailing party on appeal. Accordingly, we award no costs or attorney fees.

SWANSTROM, J., and HART, J. Pro Tem., concur.

---

2. Presumably because Mrs. Lowry has no individual liability for the $5,600 loan, the bank has conceded in oral argument that it can make no claim against any of her separate property. Neither does the bank appear to claim an encumbrance upon any real estate other than the shop property.